# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-98-428 |
| | § | |
| THE PREMISES KNOWN AS | § | |
| THE RED CARPET INN, | § | |
| Block 13 of Sharpstown Industrial Park | § | UNITED STATES DISTRICT COURT |
| Section 7 & 8, Harris County, Texas, | § | SOUTHERN DISTRICT OF TEXAS |
| with All Appurtenances Improvements | § | ENTERED |
| Thereon, a/k/a 6868 Hornwood, | § | MAY 2 2 1998 |
| | § | |
| Defendant. | § | Michael N. Milby, Clerk |

## MEMORANDUM AND ORDER

On February 17, 1998, plaintiff, the United States of America, filed a verified complaint for forfeiture of certain premises known as the Red Carpet Inn, located in Houston, Texas, (Docket Entry No. 1). On February 24, 1998, claimants GWJ Enterprises, Inc., the corporate owner, and HOP Enterprises, Inc., the manager, filed claims. (Docket Entry Nos. 5 and 6). The Red Carpet Inn has not been seized.

Claimants have filed: (1) a motion to dismiss the verified complaint for failure to state probable cause; and (2) a motion for a more definite statement or to strike the verified complaint. (Docket Entry Nos. 11 and 12). The United States has responded to both motions, (Docket Entry Nos. 24 and 25), and claimants have replied. (Docket Entry No. 29). Based on the record and the applicable law, this

#30

court DENIES the motion to dismiss and DENIES the motion for a more definite

statement or to strike.  The reasons are stated below.

## I.    The Motion to Dismiss

The statutory basis for forfeiture of the Red Carpet Inn set out in the

verified complaint is 21 U.S.C. § 881(a)(7), which states:

> The following shall be subject to forfeiture to the United
> States and no property right shall exist in them:
>
> . . . .
>
> (7) All real property, including any right, title, and interest
> (including any leasehold interest) in the whole of any lot or
> tract of land and any appurtenances or improvements,
> which is used, or intended to be used, in any manner or
> part, to commit, or to *facilitate the commission of, a
> violation of this subchapter punishable by more than one
> year's imprisonment, except that no property shall be
> forfeited under this paragraph, to the extent of an interest
> of an owner, by reason of any act or omission established
> by that owner to have been committed or omitted without
> the knowledge or consent of that owner.*

(Emphasis added).   The government's burden  under section 881(a)(7) is to show

probable cause for its belief that a substantial connection exists between the property

to be forfeited and a crime under Title 21.   *United States v. $64,000.00 in U.S.*

*Currency*, 722 F.2d 239, 244 (5th Cir. 1984); *United States v. Stop Six Ctr., Located*

*at 3340 Stallcup, Ft. Worth, Tex.*, 794 F. Supp. 626, 634 (N.D. Tex. 1992).  Probable

cause

is a "reasonable ground for belief of guilt, supported by less

> than prima facie proof but more than mere suspicion." . . .
> It may be established by demonstrating "'by some credible
> evidence, the probability that the [property to be forfeited]
> was in fact drug related." . . . Probable cause can be
> established by circumstantial or hearsay evidence.

*United States v. One 1987 Mercedes 560 SEL*, 919 F.2d 327, 331 (5th Cir. 1990)

(citations omitted).

Claimants move to dismiss on the ground that the complaint does not set out facts sufficient to show that the United States has "probable cause to justify seizure of the Defendant Property." (Docket Entry No. 12, p. 2).

The complaint is filed under section 881(a)(7) and the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. *See* 21 U.S.C. § 881(b). Supplemental Rule E(2)(a) sets out the following pleading requirements:

> In actions to which this rule is applicable the complaint
> shall state the circumstances from which the claim arises
> with such particularity that the defendant or claimant will
> be able, without moving for a more definite statement, to
> commence an investigation of the facts and to frame a
> responsive pleading.

FED. R. CIV. P. Supp. R. E(2)(a). The Rule E(2)(a) pleading standard is "more stringent than the general pleading requirements set forth in the Federal Rules of Civil Procedure." *United States v. Daccarett*, 6 F.3d 37, 47 (2d Cir. 1993). However, Rule E(2)(a) does not require that the complaint "meet the ultimate trial burden of showing probable cause for forfeiture; it simply must establish a 'reasonable belief that the

government can show probable cause for forfeiture at trial.'" *United States v. Eighty-Seven Thousand Sixty Dollars*, 23 F.3d 1352, 1354 (8th Cir. 1994) (quoting *United States v. U.S. Currency, in the Amount of $150,660.00*, 980 F.2d 1200, 1204-05 (8th Cir. 1992)); *see also Daccarett*, 6 F.3d at 47; *United States v. One Parcel of Real Property*, 921 F.2d 370, 376 (1st Cir. 1990); *United States v. Real Property Located at 2323 Charms Rd., Milford Township, Oakland County, Mich.*, 946 F.2d 437, 441 (6th Cir. 1991). "[T]he complaint must contain the requisite factual basis for the government's allegation that it has probable cause to proceed with the forfeiture." *United States v. $80,760.00 in U.S. Currency*, 781 F. Supp. 462, 467 n.14 (N.D. Tex. 1991) (citing *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1547 (11th Cir. 1987)), *aff'd*, 978 F.2d 709 (5th Cir. 1992).

The issue is whether the verified complaint sets out a sufficient factual basis to support the government's allegation that it has probable cause to believe that there is a substantial connection between the Red Carpet Inn and violations of the Controlled Substances Act. The complaint includes the following specific facts and allegations:

- drug-related activities at the Red Carpet Inn have been under investigation since April 1995 and calls for police service and arrests for drug-related offenses have increased over 300% under the present owner;

- from April 3, 1995 to December 1995, law enforcement officials made ten arrests for drug-

related offenses at the Red Carpet Inn;

- from January 1, 1996 to December 8, 1997, the Houston police seized narcotics and made arrests at the Red Carpet Inn in response to thirty-two "calls for police service"; and

- from January 1, 1996 to December 8, 1997, law enforcement authorities seized 71.2 grams of marijuana, with a retail value of $569.60; 30.76 grams of crack cocaine, with a retail value of $3,076; and 7954 grams of powder cocaine, with a retail value of $795,800, from the Red Carpet Inn.

These allegations provide the required factual basis for the government's contention that it has probable cause to believe that there is a substantial connection between the Red Carpet Inn and drug activity violating the Uniform Controlled Substances Act. The case law is clear that the government states a factual basis for probable cause to support a forfeiture of real property by alleging that drug trafficking has occurred on the property or drugs have been seized on the property. *See, e.g., United States v. Lot 9, Block 2 of Donnybrook Place, Harris County, Tex.*, 919 F.2d 994 (5th Cir. 1990); *United States v. Parcels of Real Property with the Building, Appurtenances and Improvements Known as 1933 Commonwealth Ave., Newton, Mass*, 913 F.2d 1, 3 & n.2 (1st Cir. 1990); *United States v. Property Identified as 1813 15th Street N.W., Washington D.C.*, 956 F. Supp. 1029, 1034 (D.D.C. 1997).

Several courts have specifically found that a hotel or apartment is subject to forfeiture when drug transactions occurred on the property or drugs were seized on

the property.  *See, e.g., United States v. All Right, Title and Interest in Real Property and Appurtenances Thereto Known as 785 St. Nicholas Ave. and 789 St. Nicholas Ave.*, 983 F.2d 396, 403-04 (2d Cir. 1993) (affirming a forfeiture of real property and buildings leased as apartments and restaurants because of the volume of drug-related arrests and drug seizures in or in front of the properties); *United States v. All Right, Title and Interest in Real Property and Appurtenances Thereto Known as 143-147 E. 23d St., New York, NY, Listed as Block 879, Lot 27 Which Includes the Kenmore Hotel*, 888 F. Supp. 580, 583 (S.D.N.Y. 1995) (numerous narcotics arrests and reported incidents of narcotics-related activities in and around a hotel, and the seizure of drugs and drug paraphernalia from rooms and dinner areas of the building, supported forfeiture), *aff'd*, 77 F.3d 648 (2d Cir. 1996); *United States v. Leasehold Interest in 121 Nostrand Ave., Apartment 1-C, Brooklyn, N.Y.*, 760 F. Supp. 1015, 1031 (E.D.N.Y. 1991).

Claimants also challenge the government's allegation that the property owners were aware of the drug activity and failed to take steps to prevent the activity. In a forfeiture action under section 881(a)(7), once the government has met its initial burden of demonstrating probable cause to believe that the property is subject to forfeiture, the claimant then bears the burden of establishing one of two defenses to forfeiture: that the property was not in fact used for illegal purposes or that the illegal use was without the claimant's knowledge or consent. 21 U.S.C. § 881(a)(7). The

owner may assert the "innocent owner" defense after the government has "met its burden of showing probable cause." *Id.*; *see also United States v. One Parcel of Real Estate at 1012 Germantown Rd., Palm Beach County, Fla.*, 963 F.2d 1496, 1501 (11th Cir. 1992) ("It is a 'statutory requirement' that the claimant, and not the government, bear the burden of proving an innocent owner defense.").

The government is not required to allege in the complaint that the property owner knew about or consented to the drug activity. However, in this case, the government did set out in the complaint allegations as to the information available to the corporate owner and its manager about the drug arrests and complaints about drug activity at the Red Carpet Inn since 1995. The complaint alleges that the Red Carpet Inn manager failed to implement steps recommended by law enforcement officers to make the property less accessible to drug dealers and to lessen the use of the property for drug transactions. (Docket Entry No. 1, ¶¶ 13-20). Claimants have not shown a basis to dismiss the complaint.

Claimants' motion to dismiss the verified complaint is DENIED.

## II.  The Motion for a More Definite Statement and the Motion to Strike

Supplemental Rule E(2)(a) requires the forfeiture complaint to be pleaded "with such particularity that the defendant or claimant will be able . . . to commence an investigation of the facts and to frame a responsive pleading." FED. R. CIV. P. Supp. R. E(2)(a).  Claimants move to strike several paragraphs of the verified

complaint.

Claimants challenge paragraph 10 on the ground that it is "scandalous, immaterial, and impertinent." (Docket Entry No. 11, p. 4). Paragraph 10 describes the "most recent drug-related arrest" to occur on the property. (Docket Entry No. 1, ¶ 10). Claimants object on the grounds that "[t]here is absolutely no articulated connection between those four males and the ownership and operation of the Defendant Property." (Docket Entry No. 11, p. 4). The government has alleged that four males were stopped in the parking lot of the hotel; one was arrested for possession of 50 rocks of crack cocaine, "not a user amount." The government has alleged a sufficient factual basis in paragraph 10 for its probable cause to believe that there is a substantial connection between the property and the crack cocaine arrest described.

Claimants also move for a more definite statement as to paragraphs 11 through 14 of the verified complaint, or alternatively, that paragraphs 11 through 14 be stricken. Claimants object to paragraph 11 of the verified complaint as "vague and ambiguous." Paragraph 11 states in pertinent part:

> For the reporting period of January 1, 1996 to December 8, 1997, thirty-two (32) calls for police service resulted in narcotics or currency being seized from the Defendant Property. This is well above the average number of calls for a legitimate hotel operating in the Gulfton area. Besides the narcotics related calls, many other suspects were arrested on the Defendant Property for offenses ranging from auto theft to aggravated robbery, kidnaping [sic], and

sexual assault.

(Docket Entry No. 1, ¶ 11).  Claimants object that this paragraph does not "plead the [f]acts upon which it bases its conclusion that the number of calls at the Defendant Property is above average for the area" and does not articulate a "nexus" between the alleged arrests and the property.

With respect to claimants' first objection, claimants may investigate the facts of the case and "frame a responsive pleading" without a more detailed statement in the complaint of the basis for the assertion  that the number of police service calls is above average for the area.   The information the government alleges allows claimants to begin an investigation of the nature and source of police calls relating to the property and the resulting arrests within the defined time period.   With respect to claimants' second  objection, the complaint does allege the required "nexus" between the activity and the property  by alleging that drug-related activity occurred *on* the property. *See, e.g., Donnybrook Place*, 919 F.2d at 998-99.

Claimants also object to paragraph 12 as vague.  Paragraph 12 states:

A survey of narcotics related offenses from April 1995 to January 8, 1998, shows that the defendant property was used to facilitate drug transactions.  Whether through a prostitute exchanging sex for drugs in the hotel room or a crack dealer using the Defendant Property as a distribution point where he can transact business, there has been a substantial connection between drug trafficking in the Gulfton area and the Defendant Property ever since the present corporation has owned the Defendant Property and business.

(Docket Entry No. 1, ¶ 12). The government has alleged in Paragraph 11 the amounts of marijuana and crack and powder cocaine seized in connection with narcotics-related calls for police service and narcotics-related arrests at the Red Carpet Inn from January 1, 1996 to December 1997. These allegations, with the allegations in paragraph 12, provide sufficient information to put claimants on notice of the circumstances supporting the assertion of probable cause to believe that the defendant property was connected with illegal drug activity during the period in question. Claimants are able to investigate the facts and form a responsive pleading.

Paragraphs 13 and 14 of the verified complaint allege facts relating to the property owners' knowledge of or consent to the drug activity at the Red Carpet Inn. Because the government is not required to allege the property owners' knowledge or consent, and given the presence in the complaint of factual allegations pertaining to the owners' knowledge, paragraphs 13 and 14 do not require more definite pleading.

Claimants' motion for a more definite statement or to strike the verified complaint is DENIED.

## III.   Order

A status conference to set a scheduling and docket control order will be held on June 4, 1998, at 8:30 a.m., in Courtroom 11-B.

SIGNED on _May 22_ , 1998, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

p:\cases\98\98-0428\98-0428.b03

ClibPDF~www.fastio.com